**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-7504**

DANNY MAURICE BULLOCK,

        Petitioner - Appellant,

    v.

MARIE VARGO, Warden,

        Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:12-cv-00397-LMB-TRJ)

Submitted: March 14, 2019               Decided: March 19, 2019

Before WYNN and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Danny Maurice Bullock, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Danny Maurice Bullock seeks to appeal the district court's order denying on the merits Bullock's Fed. R. Civ. P. 60(b) motion for relief from the court's prior judgment denying his 28 U.S.C. § 2254 (2012) petition. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Bullock has not made the requisite showing. In his motion, Bullock argued that Supreme Court cases established cause and prejudice for the default of the ineffective assistance of counsel claims he raised in his § 2254 petition and, thus, his Rule 60(b) motion was in substance an unauthorized, successive § 2254 petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005) (holding that a motion is not a true Rule 60(b) motion where the claims raised therein are based on new evidence or law). Accordingly, absent prefiling authorization

2

from this court, the district court lacked jurisdiction to entertain Bullock's successive § 2254 petition. *See* 28 U.S.C. § 2244(b)(3) (2012).

We thus deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*